IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNAMMA JOB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 3838 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| ILLINOIS DEPARTMENT OF HUMAN | ) |
| SERVICES, ELIZABETH SCHMIDT, | ) |
| ELLEN HODGE, and KAREN FINLEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* Annamma Job sues her employer, the Illinois Department of Human Services ("IDHS"), and IDHS employees Elizabeth Schmidt, Ellen Hodge, and Karen Finley under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Job alleges defendants discriminated against her because she is East Indian, and retaliated against her for filing an internal discrimination complaint. Defendants move to dismiss Job's amended complaint for failure to state a claim and lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are derived from Job's amended complaint. IDHS operates the Kiley Center, a residential treatment center for disabled individuals in Waukegan, Illinois. Job has been employed as a residential service supervisor for the Kiley Center since December 15, 2005. On June 14, 2006, Job requested time off for a child care issue. Schmidt, her supervisor, replied that "you Indians are too spoiled" and asked "[w]hy can't you Indians throw your children in the summer camp just like people do here?" Am. Compl. ¶ 13.

On December 18, 2006, Job witnessed Schmidt and Kiley Center employee Christopher Burns engage in misconduct. *Id.* Statement of Claim ("SOC") ¶ 1. Job reported the incident to the facility director Ellen Hodge. *Id.* Hodge is Schmidt's best friend, and did not take any action against Schmidt or Burns. *Id.* Hodge reassigned Job, and suspended her for two months for reporting Schmidt and Burns' misconduct. *Id.* SOC ¶ 2. Job reported this to IDHS Bureau of Civil Affairs, which found evidence of retaliation, and instructed Hodge to reinstate Job. *Id.* ¶ 12(h) and SOC ¶¶ 2, 4.

On unspecified dates, Schmidt gave Job a poor performance evaluation, resulting in a low salary raise. *Id.* SOC ¶ 1. Schmidt gave another employee a good performance evaluation even though the employee was absent the majority of the time and was accused of taking patients' money. *Id.* Hodge and Schmidt yelled at Job, and told her she would be fired if she did not resign. *Id.* SOC ¶¶ 1-2.

In her new assignment, Job claims she was treated poorly by unit administrator Karen Finley. *Id.* SOC ¶¶ 2, 6. On April 9, 2008, Job needed to take an emergency personal day because her son was sick. Finley (or another IDHS employee Cynthia Kalina) improperly gave Job an unauthorized, unpaid absence rather than an emergency, paid personal day. *Id.* SOC ¶¶ 5-6. During April 2008, Job met with Finley to request money from patients' accounts for their personal items. Finley told Job "[y]ou Indians don't know how to spend money." *Id.* On September 19 and 23 (year not identified), Finley gave Job 50 minutes' tardy time without pay for taking her break. *Id.* Finley favored other staff, and allowed them to change unauthorized absences into paid leave. *Id.* Based on these allegations, Job claims defendants discriminated

2

against her, failed to stop harassment against her, failed to promote her, and retaliated against her based on her national origin, race, and color. *Id.* ¶¶ 9, 12.

## DISCUSSION

### I. Legal Standard

A motion to dismiss may challenge the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 1965, 1974; *Tamayo*, 526 F.3d at 1083. A motion to dismiss may also challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). All well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiffs' favor. *St. John's United Church of Christ*, 502 F.3d at 625.

### II. Title VII

The individual defendants Schmidt, Hodge, and Finley argue Job's Title VII claim against them should be dismissed because they are not employers under the statute. Title VII prohibits an employer from discriminating against an individual with respect to compensation, terms,

3

conditions, or privileges of employment based on the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Employer is defined as a person engaged in an industry affecting commerce who has fifteen or more employees and any agent of the employer. 42 U.S.C. § 2000e(b). The language "any agent of" an employer is intended to ensure the imposition of *respondeat superior* liability on employers for their agents' acts, not to impose individual liability on supervisory employees. *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995). Individual defendants who do not otherwise meet the statutory definition of employer are not liable under Title VII. *Id.*

Viewing Job's allegations in the light most favorable to her, and drawing all reasonable inferences in her favor, Schmidt, Hodge, and Finley are individuals employed by IDHS, and are or were Job's supervisors. They do not meet the statutory definition of employer. Job does not state a Title VII claim against them.

IDHS argues Job's amended complaint raises untimely Title VII claims, and improperly expands the Title VII allegations she raised in her EEOC charge. Job was required to file her EEOC charge within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Koelsch v. Beltone Electronics Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). Failure to do so renders a charge untimely, and precludes plaintiff from filing a complaint. *Koelsch*, 46 F.3d at 707.

Job filed her administrative charge on May 7, 2008. Yet she alleges discrimination dating back to June 2006. Job is precluded from raising any claims based on conduct occurring more than 300 days prior to the date she filed her charge. Any claims based on conduct occurring more than 300 days prior to the date she filed her charge are dismissed.

A Title VII plaintiff generally may not include in her complaint claims that were not in her EEOC charge. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule affords the EEOC and the employer an opportunity to settle the dispute through conciliation, and warns the employer of the conduct in issue. *Id.* Nevertheless, because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in the charge every fact underlying the basis for each claim in the complaint. *Id.* But there must be a reasonable relationship between the charge's allegations and the complaint's claims, *i.e.*, the charge and the complaint must minimally describe the same conduct and implicate the same individuals. *Id.* at 500-01. And it must appear that the claims can reasonably be expected to grow out of an EEOC investigation of the charge's allegations. *Id.* at 501.

In her administrative charge, Job alleged retaliation and discrimination based on her East Indian national origin. Defs. Supp. Mem., Exh. B. She claimed she was subjected to different terms and conditions of employment after filing an internal discrimination complaint in March 2007. *Id.* Specifically, on April 9, 2008, she was denied pay for an absence. *Id.* Job did not identify any individuals in her charge.

In her amended complaint, Job adds, *inter alia*, that she was suspended, reassigned, and not promoted. Am. Compl. ¶ 12(c) and SOC ¶ 2. Hodge allegedly suspended and reassigned Job (*Id.* SOC ¶ 2); Job does not identify who failed to promote her. Viewing Job's allegations in the light most favorable to her, and drawing all reasonable inferences in her favor, there is not a reasonable relationship between her administrative charge and the suspension, reassignment, and failure to promote claims Job alleges in her amended complaint. The claims involve different time periods, different actions, and individuals not identified in the charge. Denial of a paid

5

absence – the allegation Job pled in her charge – is not equivalent to suspension, reassignment, or failure to receive a promotion. And Job alleged only national origin discrimination in her charge, yet adds race and color discrimination in her amended complaint. Job's Title VII race, color, suspension, reassignment, and failure to promote claims are not reasonably related to the allegations in her administrative charge, and are dismissed.

IDHS argues Job's request for punitive damages should be dismissed because IDHS is exempt from punitive damages under Title VII. 42 U.S.C. § 1981a(b)(1) provides a plaintiff may recover punitive damages against a defendant, other than a government, government agency, or political subdivision, if the plaintiff demonstrates a discriminatory practice with malice or reckless indifference to plaintiff's federally protected rights. This provision exempts government agencies from Title VII's punitive damages provision. *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997). A state agency, like IDHS, is considered a government agency under § 1981a(b)(1). *Blalock v. Ill. Dep't of Hum. Servs.*, 349 F. Supp. 2d 1093, 1097 (N.D. Ill. 2004) (Bucklo, J.); *Hudson v. Ill. Dep't of Hum. Servs.*, No. 02 C 9227, 2003 WL 22839819, at *4 (N.D. Ill. Nov. 25, 2003) (Guzman, J.). Job's request for punitive damages against IDHS under Title VII is stricken.

### III. Immunity

IDHS, and the individual defendants in their official capacities, argue they are immune from Job's §§ 1981 and 1983 claims. The Eleventh Amendment is a jurisdictional bar to certain kinds of lawsuits in federal court against a state. *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999). A state and its agencies are immune from private lawsuits seeking damages or injunctive relief in federal court unless by express and unequivocal language the state waives, or

Congress abrogates, the state's Eleventh Amendment immunity. U.S. Const. amend. XI; *Kroll v. Bd. of Trustees*, 934 F.2d 904, 907 (7th Cir. 1991). Illinois has not waived Eleventh Amendment immunity for §§ 1981 and 1983 claims. *See* 745 ILCS 5/1; *Nicol v. Lavin*, No. 03 C 6688, 2004 WL 1881786, at *2, 5-6 (N.D. Ill. Aug. 13, 2004) (St. Eve, J.). And IDHS is a state agency. 20 ILCS 5/5-15. IDHS is immune from Job's §§ 1981 and 1983 claims.

A state official may be sued in her official capacity for injunctive relief. A suit against an individual in her official capacity to enjoin prospective action that would violate federal law is not considered an action against the state. *Dean Foods*, 187 F.3d at 613. A real or immediate threat of future harm is necessary to seek prospective equitable relief. *See Sierakowski v. Ryan*, 223 F.3d 440, 443-44 (7th Cir. 2000). Job requests unidentified injunctive relief. Am. Compl. ¶ 16. Her allegations are insufficient to state a claim to enjoin prospective action by the individual defendants. Job's §§ 1981 and 1983 claims against IDHS and Schmidt, Hodge, and Finley in their official capacities are dismissed.

## IV. Sufficiency of Complaint

Defendants argue the amended complaint should be dismissed in its entirety because it fails to comply with Rule 8(a)(2) and 10(b)'s pleading requirements. Rule 8(a)(2) requires a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires claims to be pled in numbered paragraphs. Fed. R. Civ. P. 10(b). Compliance with Rule 8(a)(2) and 10(b) ensures that defendants and the court understand the claim, and whether it is valid. *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 775 (7th Cir. 1994). Although *pro se* pleadings are liberally construed, the pleading must be understandable. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

Job's amended complaint does not satisfy Rules 8(a)(2) and 10(b)'s requirements. The statement of claim attached to the form employment discrimination complaint sets forth lengthy, partially incomprehensible paragraphs. The amended complaint includes allegations against individuals she previously dismissed as defendants. Job's allegations are contradictory regarding the individuals involved in the alleged discrimination. If Job moves for leave to file a second amended complaint, the deficiencies must be remedied in the proposed second amended complaint, and short and plain statements of the claims must be set forth in numbered paragraphs. In light of this disposition, defendants' argument that Job fails to allege an adverse employment action, and fails to allege the individual defendants' personal involvement in the alleged discrimination, need not be addressed.

Job alleges she received a right-to-sue letter on May 7, 2008, and that the letter is attached to the amended complaint. Am. Compl. ¶ 8(b). The letter is not attached. Defendants attach to their motion to dismiss Job's May 7, 2008 discrimination *charge*, the same document Job attached to her initial complaint. Although Job is not required to provide her right-to-sue letter, a copy should nonetheless be attached to any proposed second amended complaint. *See Kodl v. Bd. of Educ., Sch. Dist. 45, Villa Park*, No. 05 C 3837, 2005 WL 2989891, at *2 n.1 (N.D. Ill. Nov. 8, 2005) (St. Eve, J.).

## CONCLUSION

Defendants' motion to dismiss the amended complaint is granted. The Title VII claim is dismissed against the individual defendants Schmidt, Hodge, and Finley because they are not employers under the statute. Any claims based on conduct occurring more than 300 days prior to the date Job filed her administrative charge are dismissed as untimely. The Title VII race, color,

suspension, reassignment, and failure to promote claims are dismissed because they are not reasonably related to the allegations in the administrative charge. Job's request for punitive damages against IDHS is dismissed because IDHS is exempt from punitive damages under Title VII. Job's §§ 1981 and 1983 claims against IDHS and Schmidt, Hodge, and Finley in their official capacities are dismissed because Eleventh Amendment immunity precludes jurisdiction over them. Job's amended complaint is dismissed in its entirety because it fails to comply with Rules 8(a)(2) and 10(b).

ENTER:

Suzanne B. Conlon
United States District Judge

February 2, 2009